UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MECO CORPORATION )
)
v. )
) NO. 2:04-CV-431
MRMC, INC., DAVID MELINA, )
WILLIAM MUSSO, WILLIAM A. )
REVIERE, JR., and JOE MCKENZIE )

REPORT AND RECOMMENDATION

The plaintiff is a Tennessee corporation. The corporate defendant, MRMC, Inc., is a Delaware corporation which has its principal place of business in Connecticut. The individual defendants, Melina, Musso, and Reviere, are citizens and residents of Connecticut. Melina is the sole Director and President of the corporate defendant; Musso is Vice President, Chief Financial Officer and Secretary of the corporate defendant; and Reviere is "General Manager of Operations" of the corporate defendant, a position which (according to Reviere's affidavit) is *not* an officer of the corporation.

The three individual defendants – Melina, Musso and Reviere – have filed Motions to Dismiss or, alternatively, for a change of venue, based on lack of *in personam* jurisdiction and improper venue [Docs. 5, 6 and 7]. The fourth individual defendant, McKenzie, according to the complaint, is a resident of New York; he has not been served with process.

The Motions to Dismiss have been referred to the Magistrate Judge for a

report and recommendation. Oral argument was had on August 26, 2005.

Plaintiff's complaint alleges that in 2002 it desired to automate some or all of its manufacturing processes in an effort to remain competitive in the international market and, to this end, it sought quotes from various companies that design and build automatic manufacturing systems. According to the plaintiff, it entered into a contract with the corporate defendant, which contract the corporate defendant ultimately breached. Plaintiff thereafter filed suit in the Circuit Court for Greene County, Tennessee, asserting a claim against the corporate defendant for breach of contract; a claim against Melina and Reviere for intentional and negligent misrepresentation to the plaintiff regarding the corporate defendant's experience, expertise and ability to perform under the contract; a claim against Musso and Melina for misrepresentation to the plaintiff regarding the corporate defendant's financial condition (i.e., fraudulent inducement); a claim against all three individual defendants for misrepresentations regarding the ability of the corporate defendant to do the work it agreed to do; and a claim to "pierce the corporate veil" and impose personal liability for the corporation's default upon each of the movant-defendants based upon an allegation that they knowingly under-capitalized the corporation and used it to further their own personal interests.

In support of his motion to dismiss, Melina has filed his declaration that he made a single trip in May or June, 2003, to the plaintiff's facilities in Greeneville,

Tennessee, but otherwise has never been to Tennessee except for a family vacation in 1990. Melina's declaration further recites that a number of representatives of the plaintiff corporation visited at the corporate defendant's facilities in Connecticut on numerous occasions.

Musso's declaration recites that he has *never* been in the State of Tennessee for any purpose, business or social. He too recites in his declaration that various officials of Meco Corporation visited the corporate defendant's facility in Connecticut throughout 2002, 2003 and 2004.

In Reviere's declaration, he recites that he has never been in the State of Tennessee, and he too describes the visits to the corporate defendant's facility in Connecticut by representatives of the plaintiff.

The defendants removed this action to this Court pursuant to 28 U.S.C. § 1441. Thereafter, Melina, Musso and Reviere filed their motions to dismiss or, in the alternative, for a change of venue, arguing that this Court lacks *in personam* jurisdiction over them.

Inasmuch as this suit is pending before this Court only because of the diversity of the citizenship of the parties and the provisions of 28 U.S.C. § 1441, the jurisdiction of this Court can extend no further than the jurisdiction of a Tennessee state court. The seminal case, of course, is *International Shoe v. State of Washington*, 326 U.S. 310 (1945): "[D]ue process requires only that in order to subject a defendant to a

judgment *in personam*, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.,* at 316. Of course, the devil is in the details; the question is always whether the "contact" in any given factual situation is a *sufficient* contact such that "traditional notions of fair play and substantial justice" are not offended:

> It is evident that the criteria by which we mark the boundary line between those activities which justify the subjection of a corporation to suit, and those which do not, cannot be simply mechanical or quantitative. The test is not merely, as has sometimes been suggested, whether the activity, which the corporation has seen fit to procure through its agents in another state, is a little more or a little less. [Citations omitted.] *Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure.* That clause does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations. [Citations omitted.] [Italics supplied.]

*Id.*, at 319.

The motions now before this Court are Rule 12(b)(2) and (3) motions; although the motions are supported by the declarations of the three movants, they nevertheless are not motions for summary judgment under Rule 56. The plaintiff does not disagree with any of the assertions contained in the various declarations, arguing that those facts are irrelevant to the disposition of the motions to dismiss. Thus, the allegations in the complaint, and the movants' declarations, must be taken as true for

4

purposes of ruling on these motions.

Tennessee's venerable long-arm statute, Tenn. Code Ann. § 20-2-214, provides that the courts of this state may exercise jurisdiction over nonresidents regarding any suit arising from (1) the transaction of any business in Tennessee, (2) any tortious act or omission within this state, (3) the ownership or possession of any interest in property located within Tennessee, (4) entering into any contract of insurance, etc., that covers any person, property or risk located within this state at the time of contracting, (5) entering into a contract for services to be rendered or for materials to be furnished in this state, and (6) any basis not inconsistent with the constitution of this state or of the United States. In 1997, Tennessee enacted additional statutes regarding long-arm jurisdiction, Tenn. Code Ann. § 20-2-222, 223, and 225. Since these statutes did not explicitly repeal, or even refer to, § 214, it is assumed that the newer statutes are merely supplementary to § 214. In any event, the latter statutes do not conflict with the older statute in any particular and, if anything, seem to expand the statutory bases upon which Tennessee can assert *in personam* jurisdiction over nonresidents.

As far as asserting *in personam* jurisdiction over these three individual defendants is concerned, plaintiff argues that the allegations of the complaint – again, which must be taken as true for purposes of ruling on a Rule 12(b) motion – constitute "tortious injury caused by the defendants' acts or omissions in the state of Tennessee." The task confronting this Court under the pending motions to dismiss is whether these

5

alleged facts constitute sufficient minimum contacts such that traditional notions of fair play and substantial justice are not offended.

There are two types of *in personam* jurisdiction that may be exercised over nonresidents: general or specific. General jurisdiction over a nonresident defendant arises, not by virtue of the nonresident defendant's actions that precipitated the litigation in the forum state, but rather as a result of the defendant's "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). *Specific* jurisdiction over a nonresident arises when the suit against him grows directly out of the contact that the nonresident defendant has with the forum. *Id.*, at 414, n. 9. The classic example of this latter type of contact is the commission of a tort in the forum state. Plaintiff agrees with these movants that if *in personam* jurisdiction may be exercised in this state over these defendants it will be specific *in personam* jurisdiction, not general.

Initially, the movants seem to suggest in their supporting brief that "minimum contacts" and "traditional notions of fair play and substantial justice" are two separate legal concepts under *International Shoe* and its progeny: "Even if the court were to find that the individual moving defendants have sufficient minimum contacts with the state of Tennessee, the exercise of *in personam* jurisdiction would not comport with the traditional notions of fair play and substantial justice."[1] Contrary to movants'

---

[1] Defendants' brief, Doc. 11, p. 8.

6

suggestion, these are not independent criteria to be used in determining whether *in personam* jurisdiction may be exercised over a nonresident; rather, the words "traditional notions of fair play and substantial justice" merely define "minimum contacts." There are some contacts so minimum that an attempted exercise of *in personam* jurisdiction based on such contacts would offend traditional notions of fair play and substantial justice. For example, the Tennessee Court of Appeals in *Gregurek v. Swope Motors, Inc.*, 137 S.W.3d 882 (Tenn. App. 2004), found that the nonresident defendant's contacts were *too minimal* for this state to exercise *in personam* jurisdiction over the nonresident defendant. Thus, by way of repetition, a court is to decide whether a minimum contact is adequate to justify the exercise of *in personam* jurisdiction by determining whether that contact does or does not offend traditional notions of fair play and substantial justice, i.e., by looking to the "quality and nature of the activity in relation to the fair and orderly administration of the laws . . . ." *International Shoe*, 326 U.S. at 319.

The movants argue that allowing them to be hailed into court in a far-away state is grossly unfair. In this regard, the movants suggest that the bulk of the evidence – documents and witnesses – is located in Connecticut, not Tennessee. That, of course, is not a jurisdictional issue but rather one more properly addressable through a plea of *forum non conveniens*, which will be discussed hereafter. If there are such minimum contacts that traditional notions of fair play and substantial justice are not offended,

then there is *in personam* jurisdiction – period – and the convenience of the parties is not a factor. The reverse is also true: If there are insufficient minimum contacts with the forum state to justify the exercise of *in personam* jurisdiction, the fact that most or all of the evidence is located in that state will not serve to establish jurisdiction. Thus, this Court is to look solely to the question of whether the movants' actions, as alleged in plaintiff's complaint, provide the requisite minimum contacts. The two cases cites by movants – *Davis Kidd Booksellers, Inc. v. Day Impex Ltd.*, 832 S.W.2d 572 (Tenn. App. 1992), and *Asahi Metal Industry Co., Ltd. v. Superior Court of California*, 480 U.S. 102 (1987) – do not stand for the proposition that "minimum contacts" is to be judged by a relative comparison of the inconvenience placed upon one party or the other by being required to litigate in a particular forum. The exercise of *in personam* "jurisdiction is proper . . . where the contacts proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). "The 'substantial connection' between the defendant and the Forum state necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the Forum state." *Asahi, supra,* at 112.

      Plaintiff alleges that the individual defendants intentionally or negligently misrepresented the ability of the corporate defendant to accomplish what it agreed to do under the contract. The complaint also alleges that the individual defendants "cooked

the books," so to speak, and intentionally misrepresented the corporate defendant's financial condition to induce the plaintiff to enter into the contract. The complaint alleges that the movants intentionally under-capitalized the corporate defendant and failed to treat it as an entity separate from their own personal financial interests. If these allegations are true, then the tortious acts committed by the defendants in Connecticut necessarily had their intended consequence in the state of Tennessee. Based upon these alleged misrepresentations, the plaintiff was induced to enter into a contract with the corporate defendant under which the corporate defendant was to perform costly and critical services at plaintiff's facility in Greeneville, Tennessee, which the corporate defendant likely could not accomplish, which the defendants doubtlessly knew if the allegations are true. To exercise *in personam* jurisdiction over these defendants, on the basis of these allegations, does not offend traditional notions of fair play and substantial justice. The commission of a tort outside the forum state that reasonably has its intended result in the forum state justifies the exercise of *in personam* jurisdiction over the tortfeasor. *See, e.g., Chenault v. Walker*, 36 S.W.3d 45, 51 (Tenn. 2001). The Sixth Circuit Court of Appeals has established a three-prong due process test regarding the exercise of specific jurisdiction:

> First, the defendant must purposely avail himself to the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the

> defendant reasonable.

> *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1988).

The movants' alleged actions satisfy each prong of the test: the defendants purposely caused a consequence in the forum state; the injuries and resultant cause of action arose from the movants' misrepresentations; and the consequences of those actions have a substantial enough connection with Tennessee to make the exercise of jurisdiction over the movants reasonable. In the language of *Asahi, supra*, the movants' actions were purposefully, and not inadvertently, directed toward the state of Tennessee.

Of course, the Court is aware that plaintiff's allegations ultimately may be wholly unsustainable by the facts. However, it is reemphasized that this issue is now before the Court on a Rule 12(b) motion. If the discovery which hereafter ensues reveals that there are no facts which support plaintiff's various theories against these individual defendants, then summary judgment would be appropriate.

Now the Court will address the parties' argument regarding *venue*. The movants argue that venue is not proper in Tennessee because this is a transitory cause of action which arose in Connecticut.[2] In response, plaintiff argues that venue in the Eastern District of Tennessee became proper *as a matter of law* when the defendants removed the case to federal court.[3]

---

[2] Defendants' brief, Doc. 11, p. 9, 10.

[3] Plaintiff's brief, Doc. 14, p. 13.

10

Venue implicates the propriety of trying a case in a particular forum which otherwise has jurisdiction; in other words, venue is not synonymous with jurisdiction. If plaintiff's allegations are true, then the Circuit Court for Greene County, Tennessee, undeniably was the appropriate *venue* for the suit against them; the movants' tortious acts were directed towards plaintiff in Greene County, Tennessee, and the resulting injury occurred here. Contrary to movants' argument, the cause of action arose in Tennessee, not Connecticut. By way of analogy, if a Connecticut company manufactures a defective chainsaw that is sold in the regular course of business to a Tennessee customer, and if that chainsaw causes injury to the Tennessee buyer, the cause of action arose in Tennessee, not Connecticut. To sum up, if the Tennessee courts have *in personam* jurisdiction over these movants, then the Circuit Court for Greene County, Tennessee, was the appropriate forum for the filing of a suit against them. That being so, the United States District Court in Greeneville, Tennessee, is the appropriate venue for this case upon its removal from the state court.

Lastly, the Court must address the movants' request that this case be transferred to the United States District Court for the District of Connecticut.[4] This, of course, is effectively a plea of *forum non conveniens* under 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to another district or division where it might have been

---

[4]Defendants' brief, Doc. 11, p. 15.

11

brought."

To be sure, plaintiff could have brought this action in the United States District Court for Connecticut and, beyond any peradventure of a doubt, plaintiff would have received no less a fair trial in that forum than the defendants will receive in this court. In other words, whether in this court or the United States District Court for the District of Connecticut, these parties will be afforded a fair trial.

Defendants argue that most of the evidence and witnesses are in Connecticut; that may or may not be true. Perhaps most of the evidence with respect to the claims against these individual defendants might be in Connecticut, but it must be remembered that there is another facet to this case – the claim for breach of contract against the corporate defendant. A great deal of that evidence lies in Tennessee. Assuming for the sake of argument that the defendants will suffer proportionately more inconvenience if the suit is tried in Tennessee than the plaintiff would suffer if the suit is to be tried in Connecticut, the disparity between the respective inconveniences is not so great that this Court should transfer this case to the District of Connecticut.

It is respectfully recommended that the Motions to Dismiss, Docs. 5, 6 and 7, be DENIED.

Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and

(C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). If a party files objections to this report and recommendation, the attorney for that party shall provide a copy of such objections to the opposing counsel on the same day the objections are filed, either by hand-delivery or facsimile transmission. The opposing counsel shall file his/her response to the objections within five business days of the date the objections are filed.

Respectfully submitted,

                                                             s/ Dennis H. Inman
                                             United States Magistrate Judge