UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MECO CORPORATION )
)
v. ) NO. 2:04-CV-431
)
MRMC, INC., *ET AL.* )

# **O R D E R**

This contract matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge filed on August 26, 2004, the defendants' objections to that report, and the plaintiff's response to those objections. The Magistrate Judge recommends that the defendants' Motions To Dismiss Or, Alternatively, For A Change Of Venue, based upon lack of *in personam jurisdiction* and improper venue, be denied because each of the individual defendants was subject to specific personal jurisdiction in Tennessee.

Taking the plaintiff's allegations as true for purposes of the motion, the Magistrate Judge found that each prong of the test set out in *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F. 2d 374 (6th Cir. 1968), has been satisfied.

First, the defendants purposefully directed their business activities toward, and caused a consequence in, the forum state. Second, the cause of action arose in Tennessee because the defendants made misrepresentations and induced the plaintiff to enter into a contract whereby the defendants were to perform critical services at plaintiff's Greeneville, Tennessee facility. Finally, exercising jurisdiction over the defendants was reasonable because, by purposefully directing their actions to Tennessee, the defendants should have reasonably anticipated the possibility of being haled into court in this state.

The defendants now object to the second prong of the Magistrate Judge's analysis and they argue that the cause of action did not arise in Tennessee because, although the contract required the defendants to supply machinery to upgrade plaintiff's facility in Tennessee, this machinery was to be manufactured in Connecticut, and this machinery was to be picked up by MECO in Connecticut. However, in *Cole v. Mileti*, 133 F.3d 433, 435-36 (6th Cir.1998), the Sixth Circuit held that the defendant was subject to personal jurisdiction in Ohio, even though the defendant's sole contact with the forum was transacting business by negotiating a contract through telephone calls and letters to a resident of the state, finding that a cause of action derives from a breach of a contract negotiated in such a manner "because the cause of action naturally arises from the defendant's activities" in the

2

forum state. Therefore, the defendants' objection is this regard is not well-taken.

In regard to the motion to transfer venue, the Magistrate Judge found, and this Court agrees, that a great deal of the evidence lies in Tennessee. Assuming that the defendants will suffer proportionately more inconvenience if the suit is tried in Tennessee than the plaintiff would suffer if the suit is to be tried in Connecticut, the disparity between the respective inconveniences is not so great that this Court should transfer this case to the District of Connecticut. Therefore, defendants' objection in regard to a change of venue is also not well-taken.

Accordingly, after careful consideration of the Report and Recommendation of the United States Magistrate Judge, [Doc. 30], it is hereby **ORDERED** that this Report and Recommendation is **ADOPTED** and **APPROVED**, and that the defendants' Motions to Dismiss are **DENIED.** [Docs. 5, 6, and 7].

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

3